UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 10 2017 ★
BROOKLYN OFFICE

———————————————————X

ROLAND BARNES,

    Plaintiff,

-against-

MIDDLETOWN POLICE DEPARTMENT
AND OFFICES; NYS PAROLE; DOCCS;
PAROLE JUDGE DANAD PERRY; PO
WALKINS, PO RESCIGNO; PO PAUL
PACHECO,

    Defendants.
———————————————————X

**MEMORANDUM AND ORDER**
17-CV-553 (WFK)(LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Roland Barnes ("Plaintiff"), proceeding *pro se* and currently incarcerated at Cape Vincent Correctional Facility in Jefferson County, New York, filed this *pro se* action pursuant to 42 U.S.C. § 1983 challenging the issuance of a parole warrant that led to the revocation of his parole and his current incarceration. Plaintiff seeks *in forma pauperis* ("IFP") status.

On November 17, 2011, Plaintiff was barred from filing any new action IFP while incarcerated. *See* Bar Order Under 28 U.S.C. § 1915(g), *Barnes v. Konviser et al.*, 11-CV-6059 (S.D.N.Y. 2011) (Preska, J.), ECF No. 5 (listing Plaintiff's three "strikes"). That Order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Plaintiff may not circumvent the bar order by filing in this Court instead of the United States District Court for the Southern District. *See, e.g., Nelson v. Chang*,

1

8-CV-1261, 2009 WL 367576, at *1–2 (E.D.N.Y. Feb. 10, 2009) (Matsumoto, J.) (denying prisoner-plaintiff's IFP status pursuant to § 1915(g) because of three strikes bar previously found by another district court and where no imminent danger of serious injury was alleged in complaint). Consequently, because Plaintiff has filed this action while incarcerated, Plaintiff must either pay the filing fee or allege facts demonstrating that he is "under imminent danger of serious physical injury."[1] The Complaint, however, does not set forth allegations that Plaintiff is in imminent danger of serious physical injury. Instead, Plaintiff alleges that the defendant parole officers and police department improperly issued and executed a warrant for his arrest, and defendant judge revoked his parole and sentenced him, and defendant corrections department has incarcerated him. There are no allegations of imminent danger of serious physical injury in the complaint. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

Accordingly, Plaintiff's application to proceed IFP is denied, and the Complaint is dismissed without prejudice under the Prison Litigation Reform Act's "three-strikes" rule. If Plaintiff seeks to proceed, he must file a new action in the proper venue[2] and pay the $350 filing fee.[3] Plaintiff continues to be barred from filing any civil action under the IFP statute while a prisoner, unless the allegations bring the Complaint within the terms of the statute's "imminent danger" exception. *See* 28 U.S.C. § 1915(g).

---

[1] An "imminent" danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009), rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

[2] The Complaint indicates that the warrant was issued and Plaintiff was arrested in Orange County, New York, which is located in the Southern District of New York. 28 U.S.C. § 112.

[3] Even if Plaintiff commences a new action by paying the filing fee, that Complaint will be subject to review under 28 U.S.C. § 1915A, which requires the Court to dismiss any civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED:**

/s/ William F. Kuntz, II
WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
       February 8, 2017